# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MAYCE TORRES, | ) | 3:21-CV-01107 (SVN) |
| *Plaintiff*, | ) | |
| v. | ) | |
| | ) | |
| CLAIMS COMMISSIONER, | ) | |
| *Defendant*. | ) | |
| | ) | July 11, 2022 |

## RULING AND ORDER ON DEFENDANT'S MOTION TO DISMISS

Sarala V. Nagala, United States District Judge.

In 2016, Plaintiff Mayce Torres ("Plaintiff") noticed that the State of Connecticut Insurance Department had posted her health information on the Internet. She thereafter filed a claim with the Claims Commissioner of the State of Connecticut, who is the Defendant here, alleging that she is entitled to damages because the Insurance Department violated her right to privacy by posting that information. By state statute, such claims are to be resolved within two years, subject to certain exceptions. Defendant has not yet resolved Plaintiff's claim, in part because Plaintiff, through her attorney in the claims action, has repeatedly stipulated to extensions of Defendant's time to resolve the claim. Nonetheless, Plaintiff has brought the present action against Defendant, alleging that Defendant violated her rights by failing to adjudicate her claim within the two-year window provided by Conn. Gen. Stat. § 4-159(a). ECF No. 1 at 9. The complaint consists of two claims: (1) violation of Plaintiff's privacy rights; and (2) violation of Plaintiff's due process rights. *Id.* at 2–3.

Presently before the Court is Defendant's motion to dismiss Plaintiff's action on three grounds. Defendant contends that: (1) the Court lacks personal jurisdiction over Defendant due to improper service of the complaint; (2) the Court lacks subject matter jurisdiction to consider the

matter because the claims are barred by the doctrine of sovereign immunity; and (3) Plaintiff fails to state a claim for which relief can be granted.

For the reasons described below, the Court agrees with Defendant that this Court lacks subject matter jurisdiction to hear Plaintiff's claims. The complaint is thus DISMISSED. In light of this holding, the Court does not reach the other arguments advanced by Defendant.

## I. BACKGROUND

For purposes of this motion, the Court accepts the factual allegations of the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint alleges that, in 2016, Plaintiff was looking for, but unable to secure, employment. ECF No. 1 at 8. Prior to 2016, she had no issues obtaining employment. *Id*. In light of her difficulty securing employment, Plaintiff decided to search her own name on Google to determine if there was any information about her on the Internet that may have contributed to her inability to get a job. *Id*. During her Google search, Plaintiff found two letters regarding denial of services from her private insurance company. *Id*. The letters included her name and medical diagnosis, as well as information regarding an eating disorder and a drug addiction. *Id*. The names associated with the eating disorder and drug addiction were redacted, implying each ailment in the letters was attributable to Plaintiff. *Id*. The letters also included Plaintiff's billing information and "medical protocols on how to proceed with medical care." *Id*.

After finding and reading the letters online, Plaintiff contacted her private insurance company. *Id*. She was instructed to contact the State of Connecticut Insurance Department because, according to the insurance company, the State was responsible for the letters being posted online. *Id*. Plaintiff spent eight months in continuous contact with multiple state agencies asking

for the letters to be removed from the Internet. *Id*. It appears, from documents attached to Plaintiff's complaint, that the letters were taken offline on July 19, 2016. *Id.* at 13 ¶ 6.

Although the complaint does not explain clearly, it appears that Plaintiff retained an attorney approximately six years ago to file a claim with the Office of the Claims Commissioner seeking damages for the Insurance Department's posting of the letters online. *Id.* at 8-9. That claims proceeding has not yet resolved. In addition to initiating the claims proceeding, Plaintiff has reached out to her state representative and her state senator regarding her grievances. *Id*. at 8.

Plaintiff has filed this federal action against the Claims Commissioner for failing, thus far, to decide her claim against the Insurance Department. *Id*. at 9. Read liberally, her complaint seeks damages for the state's failure to process her claim in a timely fashion and for the alleged underlying violation of her privacy rights. *Id.* In her request for relief, Plaintiff also states that she "want[s] state laws to change to protect us." *Id.* at 4.

Defendant has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). As discussed below, the Court dismisses Plaintiff's claims as barred by the Eleventh Amendment of the Constitution. There is thus no reason to, and the Court will not, address Defendant's motion to dismiss under 12(b)(5) for insufficient service or its contention that, on the merits of her allegations, Plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6).

## II.     LEGAL STANDARD

Federal courts are courts of "limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co of Am.,* 511 U.S. 375, 377 (1994). As such, they have the ability to preside over only the cases "authorized by Constitution and statute." *Id.* A motion to dismiss a case for lack of subject matter jurisdiction is properly brought under Federal Rule of Civil Procedure 12(b)(1). Under this rule,

3

a case is properly dismissed for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). *See also Marakova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (same).

In deciding a motion to dismiss under Rule 12(b)(1), the district court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000)).[1] The plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Marakova*, 201 F.3d at 113.[2]

In deciding matters with respect to pro se litigants, district courts generally give pro se complaints "special solicitude," allowing a pro se plaintiff's arguments to be "construed liberally." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994) and *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006)). However, even with this special solicitude, courts "cannot read into pro se submissions claims that are not 'consistent' with the pro se litigant's allegations." *Triestman*, 470 F.3d at 477 (internal citations omitted).

---

[1] The Second Circuit has issued differing opinions concerning this point, at times ruling that on a Rule 12(b)(1) motion, the court should *not* draw inferences in favor of the plaintiff, but at other times stating that the court should draw inferences in the plaintiff's favor. *See Parmlee v. Officer of Attorney General*, No. 3:21-cv-01292 (MPS), 2022 WL 1462247 at *2, n. 2 (D. Conn. 2022) (comparing *McGinty v. State*, 193 F.3d 64, 68 (2d Cir. 1999) with *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) and noting this tension in Second Circuit law). Here, the Court, like its sister court in *Parmlee*, is persuaded that the best course of action is to draw all inferences in favor of the Plaintiff and will do so.

[2] In its motion to dismiss, Defendant argues that "the Eleventh Amendment Deprives the court of Subject Matter Jurisdiction." ECF No. 19-1 at 6. Neither the Second Circuit nor the Supreme Court has definitively determined whether the Eleventh Amendment is to be understood as a bar to subject matter jurisdiction or "more appropriately viewed as an affirmative defense." *Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 51 n. 1 (2d Cir. 2020). *See also Aldridge v. Lamont*, No. 3:20-cv-924 (KAD), 2020 WL 7773415 at *4, n. 6 (D. Conn. Dec. 30, 2020). While the Court believes that the opening phrase of the Eleventh Amendment, providing that the "judicial power of the United States shall not be construed to extend…" to certain suits, suggests that the Amendment limits the subject matter jurisdiction of the Court, it need not and does not decide this question here. Regardless of which view of the Eleventh Amendment applies, Plaintiff's claims are barred under it.

### III.  DISCUSSION

#### A. <u>Sovereign Immunity</u>

The Eleventh Amendment of the United States Constitution states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S. Const. amend. XI.  While the Eleventh Amendment does not expressly state that citizens of one state cannot sue their own state, the Supreme Court has held that a state that refuses to consent to suit is immune from suit brought in federal courts "by her own citizens as well as by citizens of another state."  *Empls. of Dep't of Pub. Health & Welfare, Missouri v. Dep't of Pub. Health & Welfare, Missouri*, 411 U.S. 279, 280 (1973).  This principle also applies to state agencies, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), and to state officials acting in their official capacity, *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  This is true because "relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter."  *Pennhurst*, 465 U.S. at 101 (quoting *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963)).

In the present matter, Plaintiff has brought her case against the Claims Commissioner for the State of Connecticut, seeking damages from an officer of the state based on actions taken by Defendant in her official capacity.  Defendant is thus immune from this suit.  Plaintiff's suit can proceed, therefore, only if Plaintiff can show that an exception to the Eleventh Amendment is applicable.

There are three recognized exceptions to Eleventh Amendment immunity: (1) when a state consents to a lawsuit; (2) when Congress revokes a state's Eleventh Amendment immunity under the enforcement provision of the Fourteenth Amendment, *Tonina v. Conn. Dept. of Revenue Servs.*,

851 Fed. App'x 273, 274 (2d Cir. 2021) (summary order); and (3) when the lawsuit requests declaratory or injunctive relief "challenging the constitutionality of a state official's actions in enforcing state law." *Western Mohegan Tribe and Nation v. Orange County*, 395 F.3d 18, 21 (2d Cir. 2004); *Am. Rock Salt Co., LLC v. Wilson*, No. 3:15-cv-1848 (MPS), 2017 WL 1243132 at *3 (D. Conn. Jan. 6, 2017) (citations omitted). Because a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists, Plaintiff has the burden of proving that one or more of these exceptions applies. *Id*. The Court will address each exception in turn.

1. Consent

Plaintiff has failed to allege that the state of Connecticut has consented to this suit, so this exception does not apply. Connecticut has developed a statutory regime to address Eleventh Amendment immunity and to waive such immunity in specific cases. Specifically, Connecticut General Statutes Section 4-142 establishes the office of the Claims Commissioner, "which shall hear and determine all claims against the state" except for certain types of claims not at issue here. Connecticut General Statutes Section 4-147 provides that any person wishing to present a claim against the state shall file a notice of claim providing the name and address of the claimant and/or her attorney, a concise statement of the basis of the claim, a statement of the amount requested, and a "request for permission to sue the state, if such permission is sought." Claims must be heard "as soon as practicable after they are filed." Conn. Gen. Stat. § 4-151(a). Section 4-154(a) provides: "Not later than ninety days after hearing a claim, the Claims Commissioner shall render a decision."

After hearing a claim, the Claims Commissioner may: "(1) order that a claim be denied or dismissed, (2) order immediate payment of a just claim in an amount not exceeding thirty-five

thousand dollars, (3) recommend to the General Assembly payment of a just claim in an amount exceeding thirty-five thousand dollars, or (4) authorize a claimant to sue the state, as provided in section 4-160." Conn. Gen. Stat. § 4-158(a).  When the Commissioner "deems just and equitable," she may authorize suit against the state "on any claim which, in the opinion of the Claims Commissioner, presents an issue of law or fact under which the state, were it a private person, could be liable."  Conn. Gen. Stat. § 4-160(a).

The Claims Commissioner has an obligation to report to the General Assembly any claims that have not been resolved within two years of the date of filing unless the parties have stipulated to an extension of time to resolve the claim.  Conn. Gen. Stat. § 4-159a(a).  After receiving a report that a claim has been pending more than two years, the General Assembly has the power to grant the Claims Commissioner more time to resolve the claim; grant the claimant permission to sue the state; grant the claim itself; or deny the claim.  *Id*. § 4-159a(c).

Regardless of whether a suit against the state is authorized by the Claims Commissioner or the General Assembly, any such suit must be filed in state court, specifically "in the judicial district in which the claimant resides or, if the claimant is not a resident of this state, in the judicial district of Hartford or in the judicial district in which the claim arose."  Conn. Gen. Stat. §4-160(i).  *See also Doe v. Barrett*, No. 3:01-cv-519 (PCD), 2006 WL 3741825, at *7 (D. Conn. Dec. 19, 2006) ("Connecticut law also provides that the Claims Commissioner can only authorize suit in state court, not federal court").  Until sovereign immunity is waived by either the Claims Commissioner or the legislature, "the Superior Court has no jurisdiction to hear any . . . monetary claim."  *Levin v. State*, 189 A.3d 572, 577 (Conn. 2018) (quoting *Chief Information Officer v. Computers Plus Center, Inc.*, 47 A.3d 1242 (Conn. 2013)).

While it is clear from the complaint that Plaintiff has pursued the filing of a claim with the Claims Commissioner, Plaintiff does not allege that either the Claims Commissioner or the General Assembly has authorized a suit against the state. Instead, Plaintiff's claim remains pending before the Claims Commissioner. Specifically, Defendant informed the Court that Plaintiff's attorney stipulated to an extension of time for the resolution of the claim until December 31, 2022, in accordance with Conn. Gen. Stat. §4-159a(a). *See* ECF No. 22.[3] Given that the claim is still under consideration, it does not appear Defendant has made a decision as to whether to consent to suit. Even if Defendant does ultimately consent to suit, however, such consent would be effective only as to a suit in Connecticut state court concerning the underlying claim, and not to the present action. *See* Conn. Gen. Stat. §§ 4-160(a), (i).

2. Congress's Revocation of Immunity

The second exception to the Eleventh Amendment is likewise inapplicable here, as Plaintiff does not allege or argue that the United States Congress has revoked Connecticut's immunity for claims such as those at issue.

3. Declaratory or Injunctive Relief

The final exception to sovereign immunity is often referred to as the *Ex parte Young* exception. Under this exception, a plaintiff may overcome sovereign immunity under the Eleventh Amendment if the plaintiff is requesting prospective declaratory or injunctive, rather than monetary, relief concerning the constitutionality of a state official's actions in enforcing state law. *Western Mohegan Tribe*, 395 F.3d at 21 (citing to *Ex parte Young*, 209 U.S. 123 (1908)). When evaluating this exception, "a court need only conduct a straightforward inquiry into whether the

---

[3] Prior to the stipulation extending time until December 31, 2022, the parties entered a stipulation extending the time for a resolution of Plaintiff's claims to June 30, 2022. *See* ECF No. 19-1 at 13. Plaintiff states that she did not authorize her attorney to enter into this prior stipulation. ECF No. 20 at 6. That issue, however, is beyond the purview of this motion and this Court.

8

complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id*. (quoting *Verizon Maryland, Inc. v. Public Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002)). If a plaintiff's claims "look backward, *i.e.*, they seek pronouncements by the court that the State violated [plaintiff's] constitutional rights," the claims are not prospective and therefore are not covered by the *Ex parte Young* exception to Eleventh Amendment immunity. *Am. Rock Salt Co.*, 2017 WL 1243132 at *4.

In Plaintiff's complaint, she asks the court "to hold the state accountable as the guarantees of civil rights and liberties superced[e]s state laws."[4] ECF No. 1 at 2. Plaintiff also asks for the "state laws to change to protect us, [and for] the state [to] accept culpability." *Id.* at 4 (prayer for relief). Put simply, there is no ongoing violation of Plaintiff's constitutional rights in the present case that declaratory or injunctive relief could remedy. Plaintiff's claim that her health information was improperly posted online has been resolved as, according to interrogatory responses Plaintiff attached to her complaint, the letter was taken down on July 19, 2016. See ECF No. 1 at 13. Her request that this Court "hold the state accountable" is backward-looking, rather than forward-looking, and Plaintiff has not alleged any ongoing violation of constitutional rights by Defendant. To the extent Plaintiff believes the Defendant's failure to rule on her claim is an ongoing violation of her rights, Plaintiff's attorney has consented to an extension of time until December 31, 2022, for resolution of the claim. If the claim is not resolved by this date, Plaintiff may follow the procedures set forth in state law to facilitate its resolution. In sum, Plaintiff has failed to establish the *Ex parte Young* exception applies to the present case.

As a final effort to allow her case to proceed, Plaintiff disclaims the constitutionality of sovereign immunity as a whole. But sovereign immunity is enshrined in the Constitution itself.

---

[4] Construing Plaintiff's complaint liberally, she appears to suggest federal preemption of state law as a basis for federal jurisdiction. But this is not an instance where federal law preempts state law.

*See* U.S. Const. amend. XI. As Plaintiff has failed to establish any of the three exceptions to Defendant's sovereign immunity, her claims cannot proceed.

### IV.	CONCLUSION

For the reasons described herein, Defendant's motion to dismiss is GRANTED. The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED** at Hartford, Connecticut, this 11th day of July, 2022.

                                    */s/ Sarala V. Nagala*
                                    SARALA V. NAGALA
                                    UNITED STATES DISTRICT JUDGE